LETTS, Judge,
concurring specially.
I concur specially in order that I can restate how I arrive at my conclusion in a manner which my inadequate mind can grasp. Both parties agree that this cause of action arises out of contract rather than tort, otherwise the five year statute of limitations, which all parties concede is applicable if Florida law applies, would not control the outcome.
In this regard, it is irrefutable that the statute of limitations began to run on the date of the accident on which date the cause of action also “accrued.” State Farm v. Kilbreath. The case of Meehan v. Celotex teaches that where the cause of action “accrues” and where it “arises” are synonymous. Accordingly, the cause of action arose in Florida.
As I understand the “borrowing statute” [section 95.10, Florida Statutes (1979) ], we would only apply the Massachusetts statute of limitations if the cause of action “arose” outside of Florida.
Accordingly, since the borrowing statute does not apply, the Florida statute of limitations, where the cause of action arose, controls. Thus, the action is not barred.